Johnson, C. J. The question presented by the record in this case, is, not whether the decision upon the demurrer was correct or not, but whether the circuit court did not err in permitting the' amendment of the writ after the plaintiff in error had interposed his plea in abatement, and that too without making any disposition, of the plea. The 112th section of chapter 116 of the Revised Code enacts that “ The court in which any action may be pending shall have- power to amend any process, pleading or proceeding in such action either in form or substance for the furtherance of justice, on such terms1 as may be just at any time before finaljudgment rendered therein.” There can be no doubt but that under the authority of this statute,, the cii’cuit court would be authorized to make any amendment either in form or substance from the inception to the final termination of a suit, where the process or pleading sought to be amended was not in itself a mere nullity, and in case the motion for that purpose should be made in apt time. The power here conferred, though broad and sweeping in its terms, never was designed to enable the court to manufacture a process or pleading anew, or to disregard the settled order of pleading. It is the right of a- party, who is summoned to appear before a court of justice to see that he is required by law to enter his appearance to the merits of the cause, and that the officer, by whom he is summoned, is clothed with legal authority. It is manifiest that the court by permitting the plaintiff” below to amend his writ, occasioned an entire change in the state of facts that existed at the time of the filing of the plea and swept away every vestige of the defence set up by the defendant. The law will not permit a party to rest till his adversary unfolds all the-weak points in his case b.y an appropriate plea, and then to supply the defect so as to deprive him of the entire benefit of his defence. The party pleading, if he disclose a valid defence and in apt time, is entitled to the action of the court upon it. The defendant below interposed a plea setting up facts which if true were certainly sufficient to have abated the writ, and the court without requiring the plaintiff to notice it in any manner whatever, permitted him to amend so as to obviate the very objection raised by the plea and then sustained his demurrer subsequently filed. We are clearly of opinion that the defendant below was entitled to the action of the circuit court upon his plea in abatement and that permitting the amendment after the filing of the plea was clearly error. The plea filed is sufficient in every respect, if true, to quash the writ, and the defendant was entitled to an issue and trial upon it. The court by having permitted the amendment and disregarded the plea, evidently erred. Judgment reversed. The defendant in error filed a petition and argument for re-consideration of the opinion delivered in this cause: which was refused by the court: Oldham, J. dissenting.